**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 95-5534

CLAUDE WILLIAMS, III,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-93-26-V)

Argued: March 7, 1997

Decided: March 31, 1997

Before ERVIN, WILKINS, and NIEMEYER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jesse James Waldon, Jr., JESSE J. WALDON, JR., P.A.,
Matthews, North Carolina, for Appellant. Karen E. Eady, OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee. **ON BRIEF:** Mark T. Calloway, United States Attorney,
Gretchen C.F. Shappert, Assistant United States Attorney,
Charlotte,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In a plea agreement reached between Claude Williams, III, and the
government in September 1994, Williams agreed to plead guilty to
one cocaine conspiracy count. The agreement included Williams'
promise to cooperate with the government and the government's
promise to "make a motion for downward departure pursuant to
[U.S.S.G.] § 5K1.1 or [Fed. R. Crim. P.] 35 as appropriate" if,
after
Williams' assistance had been "completed," the government deter-
mined, in its sole discretion, that Williams had "rendered
substantial
assistance to the government."

At sentencing, Williams provided the court with evidence that he
cooperated with the government and that his cooperation resulted in
the arrest of two persons. The government, however, elected not to
move for a downward departure because, as the government attorney
explained:

> I'm not making a 5K, I'm informing the Court I['ll] possibly
> make a Rule 35 later based upon whether his cooperation
> has in fact borne fruit, but <u>I don't think we should allow
> someone to make a deal and then threaten a witness</u> .

The government was referring to an incident where Williams, while
visiting the home of a family member, became involved in a verbal
altercation with the girlfriend of a co-defendant who was also a
possi-
ble witness against him and allegedly threatened her. At the time,
Williams' bond was revoked and Williams was taken into custody.
This obstruction of justice allegedly occurred in January <u>following</u>
the
entry of the plea agreement between Williams and the government in
September 1994. As the government's attorney stated, "The plea
agreement was entered, I believe, in September, the obstructionist
behavior occurred in January." Recognizing the government's com-

2

plete discretion to make the § 5K1.1 downward departure motion, the district court stated at sentencing, "Well, I think that answers the question in the sense that it does not appear that it's a breach [by the government] of the plea agreement involved." The court then proceeded to find an offense level of 33 and to sentence Williams to 210 months imprisonment.

On appeal, Williams contends that the government breached its plea agreement in refusing to recommend a downward departure. The government, on the other hand, has moved to dismiss the appeal based on Williams' agreement in the plea agreement to waive appeal. The government agrees, however, that its motion depends on its not having breached the plea agreement.

As it turns out, the obstruction of justice did not occur <u>after</u> the plea agreement as argued by the government and therefore could not have been a basis for its refusal to file a § 5K1.1 motion to depart downward. The obstruction of justice occurred in January 1994, over one-half year <u>before</u> the plea agreement, and the government now agrees it was aware of the obstruction at the time the plea agreement was signed.

During oral argument, the government conceded that the government's trial attorney had simply been mistaken about the sequence of events. But we need not rely only on that concession. The docket also supports the correct sequence. It shows that Williams' bond was revoked on January 24, 1994. The plea agreement was entered some months later, having been signed by Williams on September 9, 1994, and by the government on September 16, 1994.

Because the district court sentenced Williams based on mistaken information, we vacate his sentence and remand the case for resentencing. At resentencing, the district court can determine whether the government intends to move for a downward departure under U.S.S.G. § 5K1.1, whether it is required to do so, and whether its failure to do so would result in a breach of the plea agreement.

<u>VACATED AND REMANDED</u>

3